**James William HAMBLEN, Petitioner,**

v.

**Richard L. DUGGER, Secretary, Florida Department of Corrections, Respondent.**

**No. 89–537–Civ–J–12.**

United States District Court, M.D. Florida, Jacksonville Division.

July 16, 1990.

Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. CCR, Julie D. Naylor, Asst. CCR, Office of Capital Collateral Representative, Tallahassee, Fla., for petitioner Hamblen.

Robert Butterworth, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for respondent Dugger.

ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT/ORDER PURSUANT TO FED. R.CIV.P. 60(B)(5) AND/OR (6), ETC.

MELTON, District Judge.

This cause is before the Court on petitioner's Motion for Relief from Judgment/Order Pursuant to Fed.R.Civ.P. 60(b)(5) and/or (6) in Case No. 89–567–Civ–J–12 on the Basis of the Claim Herein Discussed, and Consolidated Notice that the Claim Herein Discussed Should Be Considered as Claim II of the Petition Previously Forwarded for Lodging in the Court, Pending Exhaustion in the State Courts and Should Relief Be Denied by the State Courts, in Case 90–616. Respondent has filed a response to the motion. For the reasons stated herein, the Court will dismiss the motion.

When this case was filed in 1989, the Court adjudicated the merits but expressed serious reservations concerning its jurisdiction to do so. *Hamblen v. Dugger,* 719 F.Supp. 1051, 1059–61 (M.D.Fla.), *certificate of probable cause denied,* Dkt. No. 89–3554 (11th Cir., July 17, 1989), *stayed pending consideration of cert. petition,* — U.S. ——, 110 S.Ct. 7, 106 L.Ed.2d 623 (1989), *cert. denied,* — U.S. ——, 110 S.Ct. 3289, 111 L.Ed.2d 797 (U.S.1990). Petitioner did not join the petition, raising a question of standing of the part of the Office Of Collateral Capital Representative ("CCR") to bring a federal habeas petition on his

behalf. The Eleventh Circuit denied the application for a certificate of probable cause. In so doing, the appellate court held,

> a serious question has arisen as to whether CCR was or is authorized to represent Hamblen in these proceedings. However, because we cannot find clearly demonstrated on this record that CCR has acted without the authority of petitioner we take the papers filed by CCR at face value; therefore, we have jurisdiction.

*Hamblen v. Dugger,* Dkt. No. 89–3554, Order Denying Certificate of Probable Cause to Appeal, slip op. at 2 (11th Cir., July 11, 1989).

■ Subsequent to those decisions, however, the Supreme Court decided *Whitmore v. Arkansas,* —— U.S. ——, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). In that case, the Court discusses the requirement that the application for a writ of habeas corpus must be signed and verified by the person for whose relief it is intended or by someone acting on his behalf. Regarding the latter category of persons, the so-called "next friend" petitioners, the Court placed the burden squarely on the "next friend" to establish the propriety of that status. *See id.* 110 S.Ct. at 1727. Absent such a showing, a federal court cannot entertain a habeas petition not signed by the person for whose relief it is intended absent "a showing by the proposed 'next friend' that real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to the court, or other similar disability." *Id.* 110 S.Ct. at 1728.

The petition filed in this case was not signed by James William Hamblen and CCR did not establish its standing to participate as a "next friend." Therefore, this Court never had jurisdiction of the cause. This being the case, relief pursuant to Rule 60(b) is unnecessary and unavailable. For this reason, the Court considers the claim as an originally filed claim in Case No. 90–616–Civ–J–12.

■ Were the Court mistaken in the foregoing evaluation of its jurisdiction, three additional reasons would warrant denying the requested relief. First, the Court is of the opinion that respondent's memorandum has accurately described *Clemons v. Mississippi,* —— U.S. ——, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), as a case for which the application of the intervening decision doctrine is inappropriate. Second, the notion of relief in habeas proceedings on the basis of a landmark intervening decision is subject to regulation under the rule of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), as elaborated in *Sawyer v. Smith,* —— U.S. ——, 110 S.Ct. 2822, 111 L.Ed.2d 193 (U.S. 1990). To the extent that *Clemons* is no more than an extension of the law existing at the time this Court decided the purported first petition, then the intervening decision doctrine seems inappropriate; if *Clemons* is a clear break from the past, then the *Teague* analysis must be made by petitioner, a task he has not undertaken. Third and last, the Court would deny the Rule 60(b) motion because petitioner's claim is without merit, as reflected by the disposition of the claim in Case No. 90–616–Civ–J–12.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED:

That the motion for relief pursuant to Fed.R.Civ.P. 60(b) is hereby dismissed or, in the alternative, denied.

DONE AND ORDERED.